ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Palco Distributing, LLC ) | ASBCA No. 59892 |
| ) | |
| Under Contract No. N61331-15-P-8502 ) | |

APPEARANCE FOR THE APPELLANT:       Mr. Brent Palmer
Member

APPEARANCES FOR THE GOVERNMENT:     Ronald J. Borro, Esq.
Navy Chief Trial Attorney
James T. Shepherd, Esq.
Trial Attorney
Naval Surface Warfare Center
Panama City, FL

OPINION BY ADMINISTRATIVE JUDGE PAUL

This a timely appeal of a contracting officer's (CO's) decision cancelling appellant Palco Distributing, LLC's (Palco's), purchase order in a total amount of $6,736.20. The Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, is applicable. Palco opted to use the accelerated procedure provided by Board Rule 12.3, and the parties submitted the appeal on the record pursuant to Board Rule 11. We deny the appeal.

SUMMARY FINDINGS OF FACT

1. On 29 October 2014, the Navy's Surface Warfare Center, Panama City, Florida, issued a request for quotations (RFQ) in the government's FedBid system for 20 piston/sleeve assemblies (R4, tab 1 at 1). The Navy employee responsible for issuing the original purchase request, Mr. Jason White, explained in his declaration that the piston/sleeve assemblies were to be used in emergency breathing air compressors (EBACs) which provided "compressed air for emergency breathing equipment that is used during damage control operations onboard U.S. Naval vessels" (White decl. at 1).

2. The RFQ specifically stated that the piston/sleeve assemblies had to be manufactured by Bauer Compressors, Inc. (Bauer), and had to bear Bauer part number 078043 (R4, tab 1 at 1, 3). Mr. White stated that "[n]o other piston/sleeve assemblies are suitable for use in the EBACs" (White decl. at 3). The RFQ made the Navy's intent to accept only Bauer assemblies even clearer by stating in the "Purchase

Description: Exact Match Only" (R4, tab 1 at 1). On page 2 of the RFQ, "Exact Match Only" was defined as follows:

> The Buyer requires that Sellers bid "exact match to spec".
> That means that NO SUBSTITUTIONS are allowed.
> Sellers MUST provide the item requested in the line item
> description (exact make, model, part number and or
> description). If you are not able to deliver the line item as
> requested, DO NOT BID. Please advise the Buyer of
> issues through our "Submit a Question" button.

(*Id.* at 2)

3. On or about 29 October 2014, the Navy received Bid No. 29489011 from Palco. It offered to supply "Piston/Sleeve Assembly for EBAC, P/N 078043," plus shipping costs, in a total amount of $6,736.20. The bid referred to "Bauer Compressors INC" and included the "Exact Match Only" language which was contained in the RFQ (R4, tab 2 at 1). As stated by the CO, Mr. Donald McManus, in his declaration, up to this point, Palco did not disclose its intent to ship anything other than the Bauer parts (McManus decl. at 2).

4. Palco's bid was the lowest which the Navy received (McManus decl. at 2). Accordingly, the Navy issued Purchase Order No. N61331-15-P-8502 to Palco in the total amount stated in its bid. Section F of the purchase order required Palco to deliver the assemblies by 14 November 2014. (R4, tab 3 at 1, 7)

5. On 11 November 2014, the Navy received the shipment of assemblies and an invoice from Palco and, on 19 November 2014, it rejected the shipment because the items were not what was ordered (app. rebuttal doc., attach. 6 at 2). Instead of shipping Bauer assemblies, Palco had forwarded parts manufactured by a company named Lawrence Factor. Mr. White, the Navy engineer, explained the Navy's rejection and subsequent cancellation decisions in these terms:

> However, the Lawrence Factor parts are not the same as
> the OEM Bauer parts required by the purchase order, nor
> are they equivalent to the Bauer parts. NSWC PCD had
> previously obtained Lawrence Factor parts to determine if
> they could be used as an alternate source of supply.
> However, after testing them, we determined that the
> Lawrence [F]actor parts were not suitable for use in the
> EBACs. Specifically, the piston rings in the Lawrence
> Factor parts had end gaps that were significantly larger
> than those on the Bauer parts. The larger ring end gaps

significantly reduced the efficiency of the compressors and also allowed unacceptable levels of compressor lubricating oil to enter the air that would be used in the emergency breathing devices (see Tab 4 of Appeal File). I notified the Buyer, Mr. Donald McManus, that Palco failed to deliver the items required by the contract and, on December 9, 2014, asked him to cancel the purchase (Tab 5 of Appeal File).

(White decl. at 2; *see also* R4, tab 4)

6. Accordingly, the Navy advised Palco that it had delivered the wrong parts. (app. rebuttal doc., attach. 3 at 2). On 8 December 2014, Palco sent the Navy an unsolicited quote to provide the Bauer assemblies for a total price of $8,533.22 (*id.*, attach. 9 at 1, 3). The Navy did not accept this quote.

7. On 17 December 2014, the Navy sent the Lawrence Factor assemblies back to Palco (app. rebuttal doc., attach. 10). On 2 January 2015, Palco advised the Navy that it would not sign a bilateral modification cancelling the purchase order; instead, it forwarded a settlement proposal in a total amount of $4,254.43 (R4, tab 7).

8. On 4 February 2015, the Navy issued a unilateral modification cancelling the purchase order at no cost to either party (R4, tab 9). This appeal followed.

## DECISION

Palco's sole argument on appeal is that the RFQ issued by FedBid contained no references to Bauer. In support of its contention, Palco attached a FedBid document of unknown origin to its brief. We reject this argument. The RFQ contained in the Rule 4 file clearly referenced not only Bauer's corporate name but also the Bauer part number. In addition, it specified that the offered assemblies were to be "Exact Match Only" (finding 2). Moreover, in its bid, Palco referred to Bauer's corporate name, referenced the Bauer part number, and contained the "Exact Match Only" language (finding 3). Clearly despite its contentions, Palco was aware of the RFQ's specific requirements.[1]

---

[1] We reject the Navy's argument that the purchase order did not constitute a binding contract. Through the purchase order, the Navy accepted Palco's bid. Further, Palco's delivery of Lawrence Factor assemblies, even though they did not conform to the purchase order's requirements, constituted additional evidence supporting a binding contract.

Even if the contract permitted it, this is not an instance where a bidder offered an equivalent product. As explained by Mr. White, the Navy had previously examined the Lawrence Factor assemblies and determined that they "were not suitable for use in the EBACs" because the "piston rings in the Lawrence [F]actor parts had end gaps that were significantly larger than those on the Bauer parts" (finding 5). On this basis, the Navy correctly cancelled the purchase order at no cost to either party.

## CONCLUSION

The appeal is denied.

Dated: 22 October 2015

MICHAEL T. PAUL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59892, Appeal of Palco Distributing, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4